IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

LESLIE P. BARNES MARKS,

    Plaintiff-Appellant,

v.

OCWEN LOAN SERVICING, and
DOES 1–10, inclusive,,

    Defendant-Appellees.

No. C 10-00203 WHA

**ORDER AFFIRMING ORDER OF BANKRUPTCY COURT**

## INTRODUCTION

Appellant Leslie Marks, representing herself, appeals a bankruptcy court decision dismissing her case against appellee Ocwen Loan Servicing. The bankruptcy court held that the action was barred by res judicata due to a previous federal district court action between appellee and appellant that was dismissed. The bankruptcy court's decision is **AFFIRMED**.

## STATEMENT

The case centers on allegations that appellee and other defendants misled appellant into accepting a financially burdensome mortgage. In 2005 appellant decided to modify her home mortgage. She was contacted by Home 123 Corporation, a subsidiary of New Century Mortgage Corporation, and was offered a lower interest rate and the payment of debts. The terms of the modification, however, had a higher interest rate than was agreed upon and the monthly payments were also higher than agreed upon. In June 2006, appellant brought an action, *Marks v. Chicoine*,

No. C 06-6806-SI (N.D. Cal. filed Nov. 1, 2006), which was removed to federal district court in November 2006. Appellant won a default judgment against Mark Chicoine, an employee at New Century, because he had fraudulently misrepresented appellant's income on loan forms and fraudulently misrepresented he was a "licensed broker." In March 2007, the other defendants, Home 123 and New Century, filed for bankruptcy during the action. So the action was stayed as to those defendants.

On or around the day of the bankruptcy filing, New Century transferred appellant's mortgage to Ocwen Loan Servicing, LLC, and apparently DB Structured Products, Inc. Appellant subsequently brought suit against Ocwen and DB as successors in interest on the New Century mortgage loan, *Marks v. Ocwen Loan Servicing, LLC*, No. C 07-02133-SI (N.D. Cal. filed April 17, 2007). Appellant alleged that the loan transfer was illegal under several theories, including that she had improper notice of the transfer, the transfer was not allowed under bankruptcy rules, Ocwen and DB did not have the original loan documents, and they knew or should have know the loan was in dispute (Second Amended Compl. ¶¶ 20–38).[1] She also alleged that the transfer violated the Truth in Lending Act ("TILA"), the Federal Real Estate Settlement Procedures Act ("RESPA"), and Section 17200 of the California Business and Professions Code.

With the exception of the fraud claim, her claims were dismissed several times, but she was given leave to amend. After the second amended complaint, however, the district court dismissed the action with prejudice and denied appellant's motion to file a third amended complaint. The case was closed in April 2009. Appellant did *not* appeal the district court decision.

Instead, three months later, appellant filed for Chapter 13 bankruptcy and instituted an adversary proceeding against Ocwen in bankruptcy court. Appellee filed a motion to dismiss the complaint, asserting that the complaint was barred by the doctrine of res judicata. The bankruptcy court judge agreed; the same claims were being advanced in bankruptcy court

---

[1] Plaintiff's SAC was filed on April 11, 2008 (Docket No. 76) and is incorrectly captioned: "First Amended Complaint for Damages and Equitable Relief."

1  that were or could have been litigated in the district court action because they arose from the same
2  alleged facts.
3      The adversary proceeding was thus dismissed as barred by res judicata. Appellant
4  appealed the bankruptcy court decision to federal district court. Appellant and appellee were
5  required to file a motion to consider whether the two district court cases should be related as set
6  forth in Civil Local Rule 3–12. In the future, related cases should be decided by the Honorable
7  Susan Illston. But today the undersigned will rule on this motion.

## ANALYSIS

### 1. APPLICABLE LEGAL STANDARD.

A district court reviews a bankruptcy court's decision applying the same standard of review used by circuit courts reviewing district court decisions. *See Ford v. Baroff (In re Baroff)*, 105 F.3d 439, 441 (9th Cir. 1997). The district court reviews the bankruptcy court's factual findings for clear error and its conclusions of law de novo. *See Diamant v. Kasparian (In re Southern Cal. Plastics, Inc.)*, 165 F.3d 1243, 1245 (9th Cir. 1999).

### 2. ALL OF APPELLANT'S APPEALS ARE UNTIMELY.

As an initial matter, all of the appellant's appeals are untimely. Appellant appeals four orders of the bankruptcy court: (1) the order dismissing appellant's adversary proceeding signed on December 14, 2009, (2) the order overruling appellant's objection to the proof of claim of appellee signed on December 21, 2009, (3) the order dismissing the bankruptcy case signed on January 19, 2010, and (4) the order vacating automatic stay signed on January 26, 2010 (Br. 16). Appellant's appellate record, however, is thin and omits several of these orders as well as necessary supportive documents. Appellant also seeks to address other issues, such as that appellee improperly had two lawyers, that appellee lacked standing, and that the docket was improperly merged. All of the issues that appellant attempts to review on appeal can be dismissed because they were not properly appealed. The Federal Rules of Bankruptcy Procedure Rule 8002 requires that "[t]he notice of appeal shall be filed with the clerk within 14 days of the date of the entry of the judgment, order, or decree appealed from." Appellant's first notice of appeal was filed on December 21, 2009, which was then amended on January 11, 2010.

3

On February 11, 2010, appellant filed a "notice of withdrawal of appeal," and then filed a new notice of appeal later that day. The February appeal was *not filed* within the required fourteen days of *any* of the orders that appellant attempts to appeal in her brief. The only timely appeal was withdrawn. Appellant does not dispute this in her reply. Despite this untimeliness, the Court will nevertheless give appellant the benefit of the doubt and address the main issue in this case — the bankruptcy court decision dismissing appellant's adversary claim against appellee on the basis of res judicata.

### 3. CLAIM PRECLUSION BARRED READJUDICATION OF THE DISTRICT COURT ACTION.

#### A. Res Judicata.

The Ninth Circuit reviews de novo a lower court's ruling on issues of res judicata, both for claim preclusion and issue preclusion. *Guild Wineries & Distilleries v. Whitehall Co.*, 853 F.2d 755, 758 (9th Cir. 1988). "Res judicata" refers to the preclusive effect of a judgment. There are two types: claim preclusion and issue preclusion. Claim preclusion bars the successive litigation of the same claim after a final judgment, even if the same issues on the claim were not raised in the first suit. Issue preclusion, in contrast, bars relitigation of an essential issue of fact or law that was *actually* litigated and resolved, even if the claim is different. *Taylor v. Sturgell*, 553 U.S. 880 (2008) (citations omitted). "By precluding parties from contesting matters that they have had a full and fair opportunity to litigate, these two doctrines protect against the expense and vexation attending multiple lawsuits, conserve judicial resources, and foster reliance on judicial action by minimizing the possibility of inconsistent decisions." *Ibid.*

There are three elements to a successful claim preclusion defense: (1) an identity of claims, (2) a final judgment on the merits, and (3) privity between parties. *Tahoe-Sierra Preservation Council, Inc. v. Tahoe Reg'l Planning Agency*, 322 F.3d 1064, 1077 (9th Cir. 2003). There is an identity of claims if they are based on "the same transactional nucleus of facts." *Id.* at 1078 (citations omitted). A different legal label for an issue does not preclude res judicata, nor does asserting new claims based on the same facts. "It is immaterial whether the claims asserted subsequent to the judgment were actually pursued in the action that led to the judgment; rather, the relevant inquiry is whether they *could have been brought*." *Ibid.* (emphasis added and

4

citations omitted). The Ninth Circuit weighs multiple factors to determine whether two claims arise out of the same transaction, including whether the facts are related in time, space, origin, subjective or objective motivation, and whether they form a convenient trial unit. *Pavon v. Swift Transp. Co.*, 192 F.3d 902, 907 (9th Cir. 1999).

### B. There is an Identity of Claims, Final Judgment, and Privity.

The adversary proceeding was barred by claim preclusion by the district court action (No. C 07-02133 SI). *First*, there is an identity of claims because both actions were based on the same nucleus of operative facts. The district court action focused on the facts surrounding two transactions that appellant argued were both improper, the loan modification she acquired from New Century, and the transfer of the mortgage from New Century to Ocwen. Appellant alleged six causes of action: (1) fraud and intentional misrepresentation based on both New Century's misrepresentations that induced her to agree to the loan and Ocwen's misrepresentations regarding the loan transfer; (2) negligent misrepresentation if any of the aforementioned misrepresentations were not intentional; (3) negligence and professional malpractice based on a breech of their fiduciary duty to appellant though their inducement to accept the burdensome mortgage and the illegal transfer; (4) violation of TILA because of improper disclosures of the loan and an improper transfer of the loan; (5) violation of RESPA because appellant was not given notice before the loan transfer by New Century or after the transfer by appellee and assessed improper late fees; and (6) that the negligence and fraud of the loan modification and transfer were unfair business practices under Business and Professions Code Section 17200 (Second Amended Compl. ¶¶ 43–86).

In the subsequent bankruptcy court action, appellant also alleged that appellee improperly acquired the loan from New Century, charged improper late fees, and had not "serviced" the loan properly (Compl. ¶¶ 5–13). The complaint discussed the same facts surrounding the appellant's acceptance of the loan modification from New Century, the subsequent transfer to appellee, and appellee's service of the loan. The complaint asserted three claims for relief: (1) fraud and misrepresentation, (2) fraudulent transfer, and (3) quiet title. These claims were alleged or could have been alleged in the first suit against appellee. Furthermore, they are based on the same

5

transactional nucleus of facts.  The facts surrounding the new loan, the transfer of the loan to appellee, and the servicing of the loan are related in time, space, origin, and motivation, and form a convenient trial unit.

*Second*, there was a final judgment on the merits.  In the first suit, the district court granted appellee's first motion to dismiss, but gave appellant leave to amend her claims. The district court then granted appellee's second motion to dismiss for the TILA, RESPA, negligence, and malpractice claims, but gave leave to amend except for the Business and Professional Code claim because it sought an improper remedy.  Appellant then filed a second amended complaint that alleged the same claims as the first amended complaint, and appellee again moved to dismiss.  The court order addressed each of appellant's claims, and separately explained why each was dismissed without leave to file a third amended complaint.  The order then explained why the new claims that were added in the proposed third amended complaint would each be futile.  One of these proposed added complaints was for quiet title; the order recited the elements of quiet title and explained how appellant's complaint failed these elements. In the final judgment, the action was "dismissed with prejudice."  This was a final judgment on the merits.

*Third*, there is privity between the two parties.  Appellant and appellee are the same parties in the bankruptcy action as plaintiff and defendant in the district court action. Therefore, all three elements of res judicata are satisfied and these claims were properly barred from relitigation by the bankruptcy court.  This of course includes any claims that appellant *could* have made during the first suit, such as the claims that appellee never provided her with monthly statements, never offered a loan modification, and proffered a "random" figure in its proof of claim (Reply 3).

**4.  APPELLANT'S OTHER CLAIMS ARE WITHOUT MERIT.**

Appellant outlined four issues on appeal from the bankruptcy court decision.  All four are without merit.

### A. Claims that Appellee Unfairly Had Two Lawyers And that She Was Unfairly Prejudiced in Court Are Without Merit.

The first issue appellant raises is that appellee was unfairly represented by two lawyers who "tag teamed" the pro se litigant. This claim is without merit. It is appropriate and common for a defendant to be represented by more than one attorney. The decisions that appellant cites are inapposite for the proposition that a bankruptcy defendant can not have multiple attorneys, even if the plaintiff chooses not to hire or to fire her attorneys.

Appellant's arguments that appellee was unfairly granted motions when appellee's attorneys did not appear in court are equally without merit. From her brief, it appears that the parties were not required to attend a hearing; the prejudice that appellant complains of is merely that she was not personally informed that she was not required to appear in court (Br. 4–5). Appellant also argues that she was not afforded an opportunity to speak in court about each issue in the motion for relief (Br. 16). Appellant's misunderstandings of procedure are understandable, but not grounds for reversal.

### B. Claim that Appellee Lacked Standing is Without Merit.

Appellant's second claim is that appellee lacked standing to appear at her Chapter 13 bankruptcy case because appellee had transferred its interest to GreenTree (Br. 11–12). However, as explained above, the appeal of the January 19 bankruptcy order was not timely.

### C. Claim that the Docket Merger Was Improper Is Without Merit.

Appellant's third claim is that the bankruptcy court's "merger" of the adversary and bankruptcy proceedings created "confusion" (Br. 12). However, the actions each have their own number and docket, and so were not "merged." Additionally, the only prejudice that appellant claims from this "merger" is that she appeared in court when the appellee did not because she was unaware that she was not required to. This is not grounds for a reversal.

### D. Claim that the Judgments Are Contrary to Law Is Without Merit.

Appellant's fourth claim is that the judgments are contrary to law. This claim attempts to relitigate issues that were already heard by the district court, such as claims that the loan and transfer were misleading, the notification requirements were not met, the copy of the loan is not

7

legally valid, and appellee has no interest in the loan. As explained above, these are all claims based on a common nucleus of facts; they were all alleged or could have been alleged in the prior district court proceeding. If appellant was dissatisfied with the outcome, appellant could have appealed. She did not. These claims were properly barred from readjudication in bankruptcy court.

## CONCLUSION

For the foregoing reasons, the bankruptcy court's dismissal of the adversary proceeding is **AFFIRMED**. The issues were properly barred by res judicata after they had been previously litigated in the district court. Appellant's appeal of the bankruptcy court's orders was not timely under Bankruptcy Rule 8002.

**IT IS SO ORDERED.**

Dated: August 4, 2010.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

8